**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| United States of America, | ) | No. CR 10-606-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) |  |
| Joseph Larie Raymond Roy, | ) ) |  |
| Defendant. | ) ) ) |  |

Pending before the Court is Defendant's Motion to Dismiss Indictment (Doc. 12). The indictment charges the Defendant with Re-entry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(1). The motion collaterally attacks the sufficiency of the Defendant's original deportation order based on Defendant's allegation that he was eligible for discretionary relief pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), but the immigration judge ("IJ") deprived him of the right to apply for such relief. For the reasons set forth below, the motion is denied.

It appears that while Defendant did apply for and present evidence to the IJ on his application for § 212(c) relief, the IJ determined that Defendant was both legally ineligible for such relief, having abandoned his lawful permanent alien status, and that, even if he was legally eligible, he did not merit relief under § 212(c). Although Defendant appealed this determination to the Board of Immigration Appeals, the Board dismissed Defendant's appeal in 1997, finding that the then-recently-passed Antiterrorism and Effective Death Penalty Act

("AEDPA") retroactively terminated § 212(c) relief eligibility for Petitioners like Defendant who had committed drug-trafficking crimes. Defendant apparently sought no further relief from the deportation order and was then deported from the United States.

Several years later, the United States Supreme Court in *United States v. St. Cyr,* 533 U.S. 289 (2001), determined that AEDPA statutory provisions could not be retroactively applied to deprive an alien who had been convicted of a crime prior to the passage of AEDPA of the opportunity to seek relief under § 212(c).

Upon his unauthorized return to the United States, Defendant was indicted for the instant offense. He now collaterally attacks the validity of his deportation order, arguing that he was denied the opportunity to apply for § 212(c) relief, and thus his indictment should be quashed pursuant to *St. Cyr.*

Defendant bears the burden of establishing three statutory prerequisites to bring a successful collateral attack of an underlying deportation order:

   (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

   (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

   (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *see also United States v. Zarate-Martinez,* 133 F.3d 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 849 (1998), *overruled on other grounds by United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002)(en banc). Defendant's Reply included his argument with respect to each of these prerequisites, but the Court need not consider arguments raised for the first time in reply. *United States v. Anderson,* 502 F.3d 662, 668 (9th Cir. 2006); *see also Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007). Even considering the arguments raised in the Reply, Defendant still has not met the burden of establishing each of the three elements of § 1326(d).

The government, while noting that the Court should not consider these arguments, further filed a protective Sur-reply responding to them. Under the circumstances, the Court authorizes this Sur-reply. To this Sur-reply, in addition to some of the same materials

supplied by the Defendant in his original motion, the government attaches the Oral Decision of the Immigration Judge on the Defendant's Application for Waiver of Inadmissibility Pursuant to Section 212(c) of the Immigration and Nationality Act, dated May 8, 1992.

### 1. Defendant Has Not Established That He Exhausted His Administrative Remedies.

Defendant argues that he exhausted his administrative remedies because he appealed the IJ's decision to the Board, and the Board entered a final order dismissing his appeal on the merits. He thus alleges that he "allowed the administrative agency to complete its decision-making procedures," and as a result has exhausted his administrative remedies. *See United States v. Lopez-Hernandez,* 2007 WL 608111, at *10 (N.D.Cal. Feb. 23, 2007) (citing *Xiao v. Barr,* 979 F.2d 151, 154 (9th Cir. 1992)).

While Defendant did appeal to the Board, and the Board did dismiss his appeal in a final order, the Board also advised Defendant that he had the right to reopen his case to contest his deportability if he had conceded deportability prior to the enactment of AEDPA in reliance on the availability of § 212(c) relief. At least in some circumstances, a failure to seek to reopen a deportation proceeding when that remedy has been identified as available by the Board is a failure to exhaust administrative remedies. *United States v. Hinojosa-Perez,* 206 F.3d 832, 836 (9th Cir. 2000) (holding that the failure to file a motion to reopen deprived a Defendant of the ability to collaterally attack a deportation order).

The Defendant did not move to reopen, and he presents no facts suggesting that he contested deportability prior to the passage of AEDPA or that it would have been otherwise inappropriate to do so. Given the transcripts submitted together with the briefing on Defendant's Motion, it appears that Defendant did concede his deportability. Thus, unless the Defendant demonstrates that he contested deportability in this case prior to the passage of AEDPA or otherwise should be excused from contesting deportability, his failure to file a motion to reopen is a failure to exhaust his administrative remedies and may be sufficient to deprive him of the ability to collaterally attack his deportation order in the present

proceedings.

### 2. Defendant Has Not Established that He Was Deprived of the Opportunity For Judicial Review.

Federal regulation requires that "where the record, fairly reviewed by an individual who is intimately familiar with the immigration laws–as IJs no doubt are–raises a *reasonable possibility* that the [alien] may be eligible for relief, the IJ must advise [him] of this possibility and give him the opportunity to develop the issue." *United States v. Lopez-Velasquez,* 568 F.3d 1139, 1143 (9th Cir. 2009) (quoting *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000)). Thus, when an IJ fails to advise a petitioner of the possible availability of § 212(c) relief, and the petitioner brings a subsequent collateral attack on the deportation order in a criminal proceeding, the petitioner has satisfied "the first two requirements of § 1326(d) because [petitioner] was effectively deprived of the right to administrative appeal and the opportunity for judicial review" because he was never informed that he had such a right in the first place. *Id.* at 1142 (citing *United States v. Pallares-Galan,* 359 F.3d 1088, 1096 (9th Cir. 2004)).

In this case, Defendant makes no argument that he was deprived of the opportunity for judicial review. He was at least aware of his possible right to § 212(c) relief because he did in fact apply for it. After Defendant was convicted of, and sentenced for, two separate drug-trafficking offenses, one in Massachusetts State Court and one in federal court, the INS in 1989 began removal proceedings against him while he was in custody in Massachusetts. Defendant applied for § 212(c) relief at the outset of those proceedings. He was represented by counsel during the proceedings, which stretched over a number of years.

After multiple hearings, the IJ ruled in 1992 that the Defendant had abandoned his lawful permanent resident status when he resided in Canada from 1975 to 1982, and hence was statutorily ineligible for relief pursuant to § 212(c), which requires a lawful unrelinquished domicile in the United States of seven consecutive years. The IJ further found in the alternative that "[a]ssuming that it was concluded that he is . . . statutorily eligible to apply for waiver pursuant to section 212(c) of the Immigration and Nationality

Act, his application for that relief will be denied 1) as a matter of discretion and 2) that the respondent has not shown that he has unusual or outstanding equities to merit the threshold requirement for being eligible for relief pursuant to section 212(c)." (Doc. 24-1, Ex. A at 13-14).

Defendant was not effectively deprived of his right to bring an administrative appeal of the IJ's determination with respect to that relief. He in fact did appeal the IJ's determination on his application to the Board of Immigration Appeals. In 1997, the Board dismissed his appeal because it determined, albeit incorrectly, that the recent passage of AEDPA in 1996 deprived Defendant of the right to apply for discretionary relief under § 212(c) in light of the drug-trafficking offenses he had committed prior to AEDPA's enactment. The Board nevertheless indicated that if Defendant "had conceded deportability prior to the enactment of AEDPA on April 24, 1996, in reliance on the availability of section 212(c) relief, [he] may have proceedings reopened for the limited purpose of contesting deportability" and explained to Defendant how to do so. Defendant never did so, nor did he otherwise seek to challenge the Board's dismissal of his appeal of the IJ's deportation order. Defendant was then deported from the United States.

It is not apparent, however, that Defendant was unable to seek judicial relief from the Board's decision. Enrico St. Cyr, a petitioner whose application for relief pursuant to § 212(c) was also dismissed by the Board of Immigration Appeals due to the Board's retroactive application of AEDPA provisions, filed a petition for habeas corpus in federal court. As a result of St. Cyr's habeas petition, the United States Supreme Court ultimately determined that AEDPA statutory provisions could not be applied retroactively to deprive an alien who had been convicted of a crime prior to the passage of AEDPA of the opportunity to seek relief under § 212(c). *St. Cyr,* 533 U.S. at 326.

Thus, by pursuing judicial remedies that were apparently open to the Defendant here, St. Cyr obtained relief. Defendant offers no reason why he failed to pursue such remedies, nor does he offer any argument that they were not open to him. Defendant has offered no Ninth Circuit authority for the proposition that, under the circumstances, Defendant was

under no obligation to petition the federal courts for a writ of habeas corpus as did St. Cyr. *See, e.g., Liang v. I.N.S.,* 206 F.3d 308 (3rd Cir. 2000) (recognizing the right of petitioner's in Defendant's position to petition federal courts for a writ of habeas corpus). Nor is it clear whether Defendant would have had a right of direct judicial review from the Board's dismissal in the federal courts in Massachusetts where, apparently, his application was pending. Certainly unlike the Defendants in *Lopez-Velasquez,* he was not deprived of his ability to seek judicial relief of the Board's dismissal of his appeal by his ignorance that he ever held a right to apply for § 212(c) relief.

Because Defendant offers no authority to suggest that he was not required to further pursue judicial review of the Board's dismissal of his appeal, he has not met his burden pursuant to § 1326(d).

**3. Defendant Has Not Established That The Deportation Order Was Fundamentally Unfair.**

To establish fundamental unfairness the Defendant must establish that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the defects. *United States v. Garcia-Martinez,* 228 F.3d 956, 960 (9th Cir. 2000); *see also United States v. Proa-Tovar,* 975 F.2d 592, 595 (9th Cir. 1992).

**A. Plaintiff Has Not Established A Due Process Violation**

It is not clear how Defendant alleges he was deprived of process that he was due. Defendant does not apparently argue that he was deprived of a procedural right in any of the proceedings before the IJ. Defendant apparently argues that the Board erred when it determined that the Defendant was not entitled to seek § 212(c) relief due to AEDPA. Even assuming that the Board's dismissal of Defendant's appeal based on AEDPA was erroneous, his appeal was heard and dismissed on the merits by the Board. It is not apparent, just because the Supreme Court determined four years later that the Board's decision was in error, that the Board's decision amounts to a denial of due process. This is especially true when Defendant still may have had the ability to seek some form of review by the federal court

- 6 -

system.

## B. Plaintiff Has Not Established Prejudice.

Assuming that he could establish that he has been denied a procedural right, Defendant is still obliged to establish prejudice from the loss of that right. The existence of prejudice will not be presumed. *United States v. Leon-Leon,* 35 F.3d 1428, 1431–32 (9th Cir. 1994).

The IJ evaluated Defendant's § 212(c) claim on the merits and found that he had abandoned his lawful permanent resident status by returning to Canada for seven years. The resulting hearing demonstrated that Defendant is a citizen of Canada. He applied for lawful permanent resident status in the United States in 1960. In 1975, he returned to Canada, where he lived until 1982. During the years that he resided in Canada, he owned a Canadian business, filed Canadian income tax returns, and neglected to file income tax returns on his income derived from the United States. When he returned to the United States during this period it was only to visit family members and he so indicated to immigration officials. Defendant returned to more permanent residence in the United States in 1982. Five years later he was convicted of, and sentenced for, two separate drug-trafficking offenses.

The IJ also found that Defendant was not entitled to any remedy under § 212(c), assuming he was eligible for it. Defendant makes no argument specifically challenging either of the IJ's determinations. Therefore he has not established that he was prejudiced by the loss of any procedural right.

In his Reply, the Defendant does assert that, had he been able to present his case for § 212(c) relief, the IJ "would have considered" such factors as whether he had been rehabilitated, "his length of time in the United States, his family ties in the United States and whether they had legal status, the effect of deportation on his family and his history of employment and good character." It appears, however, that the IJ did consider all of the evidence submitted on these matters, which is slightly different than Defendant argues it

here,[1] and that the IJ nonetheless determined that the Defendant did not qualify for discretionary relief under § 212(c). Because Defendant could and did present these matters to the IJ and the IJ considered them and then determined that the Defendant was not entitled to § 212(c) relief, it is difficult for this Court to perceive how Defendant was prejudiced, especially when Defendant sets forth no argument that the IJ abused his discretion in so determining.

Because the Defendant has failed to establish the prerequisites necessary to collaterally attack the underlying deportation order, Defendant's motion to dismiss his indictment is denied without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. 12) is **denied without prejudice**.

DATED this 23rd day of August, 2010.

_____
G. Murray Snow
United States District Judge

---

[1] Despite Defendant's argument that both of his daughters are American citizens, the evidence presented by Defendant at his deportation hearings apparently demonstrates that one of his daughters is a United States citizen, and the other is a Canadian citizen.